**FERGUSON v. JOHNSON. (No. 6276.)**

(Court of Civil Appeals of Texas. Austin. Jan. 26, 1921. Rehearing Denied March 9, 1921.)

**1. Evidence ⬅=461(1) — Parol testimony admissible to explain ambiguous language.**

Where written contract was ambiguous, testimony tending to show what the parties intended by the use of the language contained was admissible.

**2. Vendor and purchaser ⬅=70—Contract held to provide a basis of settlement on ascertainment of excess acreage.**

Contract to convey land, reciting that purchaser had paid the purchase price of specified number of acres, but claimed that title had not been shown to specified number of acres for which payment had not been made, and providing that, on vendor's failure to show good title to land not paid for within specified period, such land should become the property of purchaser without further consideration, but that, on vendor showing sufficient title within the specified period, the purchaser should pay specified purchase price therefor, together with interest at specified rate from date of contract, *held*, in view of the evidence, to provide a basis of settlement, when the acreage in excess of that first paid for should have been definitely ascertained, and to require purchaser, on vendor's furnishing necessary evidence as to actual excess, to pay vendor for amount of acres in excess of those originally paid for, at the specified rate.

Appeal from District Court, Bell County; Jas. B. Hubbard, Special Judge.

Suit by R. Johnson against James E. Ferguson. Judgment for plaintiff, and defendant appeals. Affirmed.

De Witt Bowmer and Few Brewster, both of Temple, for appellant.

Charles T. Rowland and Marvin H. Brown, both of Fort Worth, and John B. Daniel, of Temple, for appellee.

KEY, C. J. R. Johnson brought this suit against James E. Ferguson, and based his cause of action upon the following written instrument:

"This memorandum of agreement, made and entered into by and between James E. Ferguson, party of the first part, and L. H. King, party of the second part, witnesseth:

"Whereas, the party of the second part has contracted to sell and convey to the party of the first part, and by deeds of conveyance this day executed has this day conveyed to the party of the first part, 1,827.33 acres of land out of the William Wells, James Floyd, and Sarah Ann Teas surveys, in Bosque county, Texas, and the consideration has passed from the party of the first part to the party of the second part covering 1,738.5 acres of land, but the party of the first part claims that title has not been shown to 88.8 acres of said land for which the payment of the consideration of

$11.50 per acre has been withheld by the party of the first part, amounting to $1,021.20.

"It is hereby agreed that when the party of the second part, by decree of court or otherwise, satisfactory to the party of the first part, is able to give a sufficient title to said additional 88.8 acres of land, then the party of the first part hereby agrees to pay to the party of the second part or his heirs or assigns the said consideration of $1,021.20.

"In the event the party of the second part is unable to or does not perfect the title to said 88.8 acres by decree of court or otherwise to the satisfaction of the party of the first part within a period of three years from this date, then it is agreed that all the right, title, and claim of the party of the second part to said 88.8 acres shall inure and become the property of the party of the first part, his heirs and assigns, without further consideration.

"It is further agreed that, in the event the party of the second part by decree of court or otherwise shall give a sufficient title to said additional 88.8 acres, the party of the first part, in addition to paying party of the [second] part, his heirs or assigns, the consideration of $1,021.20 therefor, and that the party of the first part will pay 8 per cent. interest thereon from this date.

"Witness our hands in duplicate this 27th day of March, A. D. 1915.

"Jas. E. Ferguson,
"Party of the First Part.
"L. H. King,
"Party of the Second Part."

The plaintiff sued as assignee of L. H. King. No jury was demanded, and the trial judge filed the following conclusions of fact and law, and rendered judgment for the plaintiff, and the defendant has appealed:

"(1) That the plaintiff, R. Johnson, acquired title to the Sarah Ann Teas, James Floyd, and William Wells surveys, in Bosque county, on July 22, 1913, by conveyance from G. W. Robbins and wife. That said tracts of land were so conveyed to plaintiff to contain 1,738.5 acres. That said surveys adjoin, the Sarah Ann Teas being situated on the east, the William Wells on the west, and the James Floyd between the other two surveys. That in the patents from the state of Texas the field notes of the James Floyd survey tie onto the field notes of the Sarah Ann Teas, and the field notes of the William Wells survey tie onto the James Floyd survey. That on the 14th and 15th days of March, 1914, after plaintiff had acquired title as above mentioned, he had Mack Bertleson, as county surveyor of Bosque county, make an actual survey of the three tracts in one body. That said Bertleson's certificate and field notes show said tracts of land to contain 1,827.33 acres of land, and that said certificate and field notes were of record in the deed records of Bosque county at the time the contract sued upon was entered into.

"(2) That on March 27, 1915, plaintiff conveyed the three tracts of land to L. H. King, and contemporaneously therewith L. H. King and wife conveyed the same to James E. Ferguson, the defendant herein. That the conveyance from plaintiff to L. H. King, the convey-

ance from L. H. King and wife to defendant, and the contract herein sued upon, as well as the assignment from L. H. King to plaintiff, were all executed contemporaneously.

"(3) That prior to the execution of the conveyance from L. H. King and wife to defendant, and the execution of the contract herein sued upon, defendant's attorney had examined the abstracts to the three surveys and had approved the titles. That, while the survey of said tracts of land by Bertleson had been made prior to the time said contract was entered into, defendant was not satisfied at the time that said three tracts of land conveyed to him contained in excess of 1,738.5 acres. That defendant paid the full purchase price for 1,738.5 acres and withheld the purchase price of 88.8 acres, and I find that the contract sued upon was entered into for the purpose of fixing a basis of settlement later in the event it should be determined that the tracts contained in excess of 1,738.5 acres. That, after the contract was entered into, plaintiff and defendant discussed the matter on one or two occasions, when they would meet, plaintiff insisting that the tracts so conveyed to defendant contained 1,827.33 acres, and urging that settlement be made with him on that basis, and the defendant replying each time that he 'would have his attorney look into the matter,' or words to that effect. That thereafter F. M. Spann, as attorney for defendant, made a trip to Bosque county, and, in company with Mack Bertleson, went onto the ground and was shown an original bearing tree at the southwest corner of the William Wells survey, and another in the north boundary line of the Sarah Ann Teas, and was also shown the fences surrounding said tracts, which had been in existence for 20 years and more. About that time, plaintiff had an engineer of Fort Worth plat the tracts of land from Bertleson's field notes, and made a sketch therefrom, and recomputed the acreage, finding said tracts to contain 1,827.33 acres, which sketch and computation were sent to the defendant. That plaintiff, acting through his attorney, Chas. T. Rowland, wrote the defendant, asking what further steps plaintiff might take to convince defendant that the tracts of land conveyed to him contained 88.8 acres in excess of what he had paid for, and received no reply. I further find that in all conversations had and communications passing between plaintiff and defendant, after the contract was entered into, nothing whatever was said as to any defects in the title to the tracts of land, and in all such negotiations only the question of excess acreage was referred to. I find that said three tracts contain 1,827.5 acres of land, or 88.8 acres in excess of what defendant has paid for, and that all said excess acreage is contained within the boundaries of the field notes contained in the patents from the state of Texas, but that said excess acreage has not been rendered for taxes, and the taxes, if any due thereon, have not been paid. That the defendant is indebted to plaintiff in the sum of $1,021.20, with interest on said amount at the rate of 8 per cent. per annum from March 27, 1915. I further find that the title to the excess land is the same as that to the 1,738.5 acres, which was approved by Ferguson's attorney.

"Conclusions of Law.

"(1) I conclude, from the circumstances under which the contract was entered into, and from the manner in which both parties thereafter treated same, and from the fact that the defendant paid the purchase price of 1,738.5 acres and withheld the purchase price of 88.8 acres, that it was the intention of the parties in entering into said contract to provide a basis of settlement when the excess acreage should be definitely ascertained.

"(2) That the plaintiff furnished defendant all necessary evidence to the effect that said tracts of land contained an actual excess of 88.8 acres prior to the bringing of this suit, and notwithstanding the fact that defendant never conceded the excess, plaintiff did all that could have been reasonably expected of him, and is entitled to recover."

[1, 2] The case is presented in this court upon four assignments of error, which, in the main, complain of the action of the trial court in admitting certain testimony. We overrule the assignments, and hold that the testimony complained of was admissible. We are of the opinion that there was such ambiguity in the written contract as justified the trial court in hearing any testimony which would tend to show what the parties intended by the use of the language contained in the contract, and we are also of the opinion that the evidence in the case, in connection with the terms of the written contract, justified the construction which the trial court placed upon that instrument, and entitled the plaintiff to recover.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.